

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 21, 1961

Honorable Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Opinion No. WW-1121

Re: Duties of County Auditor
in regard to purchases
by the County.

Dear Mr. Ternus:

In your letter of August 3, 1961, you have requested our opinion on three questions posed by the County Auditor of San Patricio County. Quoting from the County Auditor's letter to you, these questions will be set forth as they are discussed.

"1. Who is the purchasing agent
for San Patricio County, Texas?"

Article 1645a-1 Vernon's Civil Statutes, purports to authorize the County Auditor to serve as purchasing agent in counties with a population of not less than 24,125 nor more than 24,150, counties of not less than 43,000 nor more than 43,100, certain counties of not less than 65,000, and counties of not less than 90,000 nor more than 225,000. Article 1645h, Vernon's Civil Statutes, purports to provide to the same effect in counties with a population of not less than 41,680 nor more than 42,000. Without passing on the constitutionality of such population brackets, suffice it to say that San Patricio County, with a population of 45,021 according to the last federal census, does not fall within the operative effect of either article.

In counties with a population of 73,000 or more a county purchasing agent may be appointed by a board composed of the county judge and the district judge or judges of the county. Acts 56th Leg., R.S., 1959, p. 913, ch. 418. Again the population of San Patricio County fails to bring it within the statute.

Lacking statutory authority, a county auditor has no duty to act as purchasing agent for the county. He need only perform those limited functions of the

purchasing process that are conferred upon him by statute. Attorney General's Opinion No. O-1338 (1939). We are led to conclude that there is no "purchasing agent" as such, for San Patricio County.

> "2. Will you please define my
> duties connected with the pur-
> chasing function? I believe
> that Articles 1659 and 1661 of
> Vernon's Texas Statutes require
> that I am responsible for the
> following:
> a. Advertise for bids stating
>    where specifications are
>    located.
> b. Keep a record of competi-
>    tive bids on file.
> c. Furnish Commissioners Court
>    with copy of bids received.
> d. Readvertise for bids when
>    necessary.
> e. Receive a copy of purchase
>    requisition from officer
>    desiring the purchase.
>
> "So far as I know, the above duties are
> those prescribed for me to perform
> connected with the purchasing function.
> You are requested to outline my duties
> connected with the purchasing function
> according to your interpretation of
> the statutes."

Article 1659, Vernon's Civil Statutes, sets forth the duties of county auditors in regard to county purchasing in the following language:

> ". . . The county auditor shall adver-
> tise for a period of two weeks in at
> least one daily newspaper, published
> and circulated in the county, for such
> supplies and material according to
> specifications, giving in detail what is
> needed. Such advertisements shall
> state where the specifications are to
> be found, and shall give the time and
> place for receiving such bids. All
> such competitive bids shall be kept on
> file by the county auditor as a part
> of the records of his office, and shall
> be subject to inspection by any one

> desiring to see them. Copies of all
> bids received shall be furnished by
> the county auditor to the county judge
> and to the commissioners court; and
> when the bids received are not satis-
> factory to the said judge or county
> commissioners, the auditor shall reject
> said bids and re-advertise for new bids."

This language charges the County Auditor with the following duties in connection with the purchasing function:

1. Advertising for bids, indicating therein the time and place for receiving bids.

2. Keeping on file all bids received.

3. Furnishing copies of all bids received to the county judge and commissioners court.

4. Readvertising for bids when those received in the first instance are deemed unacceptable by the county judge or commissioners court.

In addition to these duties, Article 1661, Vernon's Civil Statutes, requires the County Auditor to file a copy of all purchase requisitions.

> "3. Included among the various operations connected with the purchasing function not enumera- ted above as being the duty of the County Auditor are the following:
> a. Responsibility for making decisions.
> b. Prepare and explain speci- fications.
> c. Get out invitations to bid.
> d. Decide who to send invita- tions to bid to.
> e. Work out problems concern- ing bids and merchandise with salesmen and bidders.
> f. Issue purchase requisitions to party from whom purchase is to be made.

> g. Receive merchandise, and
> open and check same against
> purchase requisitions.
> h. Distribute merchandise.
> i. Store merchandise if
> necessary.
> "You are requested to define who
> is responsible for performing the
> above items of work connected with
> the purchasing function for San
> Patricio County, Texas."

(a)  While without question the County Auditor bears the responsibility for making some decisions, we are not apprised of the nature of the decisions contemplated by your inquiry.

(b)  Preparation and explanation of specifications is inferentially the duty of the Commissioners Court.  Attorney General's Opinion No. O-6606 (1945).

(c,d)  Article 1659, supra, requires that bids be invited by newspaper advertisement.  Inviting bids by means of circular letters is not authorized, and the County Auditor consequently has no duties in that regard.

(e)  We find no authority imposing upon County Auditors the duty to negotiate in any manner with salesmen and bidders.

(f)  Article 1661, Vernon's Civil Statutes, directs that requisitions be approved by the County Judge before they are submitted to the County Auditor for his approval.  Since requisitions do not originate with the County Auditor, we find no implication that he has a duty to supply or issue requisitions forms.  Certainly there is no express authority to that effect.

(g,h,i)  Responsibility for receiving, checking, distributing, and storing merchandise does not rest with the County Auditor.  His office is essentially that of a fiscal guardian, not that of a storekeeper.

### S U M M A R Y

> The County Auditor of San Patricio
> County is not the purchasing agent
> for that county.  His duties in

respect to county purchases are
limited to advertising for bids,
re-advertising when necessary,
filing copies of bids and supply-
ing copies to the County Judge
and Commissioners Court, and
approving and filing copies of all
purchase requisitions.

Yours very truly,

WILL WILSON
Attorney General of Texas

GH:lgh

By
Gilbert Hargrave
Assistant

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Charles Lind
Glenn Brown
Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays